1 Mathew K. Higbee, Esq., SBN 241380
2 Naomi M. Sarega, Esq., SBN 306967
HIGBEE & ASSOCIATES
3 1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
4 (714) 617-8352
5 (714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
6

7 Attorney for Plaintiff,
MICHEL KECK,
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL KECK, individually<br><br>Plaintiff,<br><br>v.<br><br>ZIPFWORKS, INC. d/b/a KNOJI, a California corporation,<br><br>Defendant. | Case No. 2:16-CV-00603-AB-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Date: June 27, 2016<br>Time: 10:00am<br><br>Honorable Andre Birotte, Jr., |

**NOTICE IS HEREBY GIVEN** that Plaintiff Michel Keck, by and through her attorneys, will and hereby does move the Court to strike the First through Eighth Affirmative Defenses contained in the Answer of Defendant Zipfworks, Inc. d/b/a Knoji to Plaintiff's Complaint, to order that certain allegations that Defendant has failed to admit, deny or state that it is without sufficient knowledge are deemed admitted and to order that Defendant respond to Plaintiff's legal conclusions.

//

1  This motion is based on the accompanying Memorandum of Points and
2  Authorities. This motion is made following the conference of counsel pursuant to
3  Local Rule 7-3 which took place on May 16, 2016.
4
5
6  Dated: May 24, 2016                    Respectfully submitted,
7
                                          **/s/ Naomi M. Sarega**
8                                         Naomi M. Sarega, Esq.
                                          Cal. Bar No. 306967
9                                         *Counsel for Plaintiff*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

...


## MEMORANDUM AND POINTS OF AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Michel Keck ("Plaintiff") respectfully moves this Court to strike the eight affirmative defenses asserted by Defendant Zipfworks, Inc. d/b/a Knoji ("Defendant") in the Defendant's Answer to Plaintiff's Complaint ("Answer"). Defendant's "defenses" fail as a matter of law and seek to limit Plaintiff's recovery. Furthermore, the eight affirmative defenses provided by the Defendant are comprised of strictly legal conclusions and are lacking factual allegations, thus failing to meet the applicable pleading requirements or provide Plaintiff with Fair Notice of the defenses asserted against her. Striking these defenses will ensure that the Plaintiff is provided with proper notice, in addition to restructuring this case so that discovery can focus on legitimate issues in dispute.

### I.   BACKGROUND

This alleged action arises out of the Defendant's unlawful use of a copyrighted image ("Image") owned by the Plaintiff, and this conduct caused Plaintiff damages. Image has a timely registration dated February 19, 2007, with the registration number VA 1-702-808. Plaintiff's Complaint ("Complaint") alleges the following cause of action claiming: Defendant used Plaintiff's copyrighted works without her permission and in violation of Title 17 of the United States Code ("U.S.C.") and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired

monetary gain and market benefit as a result. Complaint ¶¶ 17-19 (factual allegations).

In its answer ("Answer"), Defendant denies Plaintiff's allegations to the extent there is no evidence of unlawful activity by Defendant, where on the contrary, Defendant was provided with the evidence gathered by the Plaintiff, which shows Defendant's unauthorized use of the Image for a substantial period of time. *Id.* ¶ 19. In addition to denying allegations that Defendant violated Title 17 of the U.S.C., Defendant asserts eight affirmative defenses to Plaintiff's claims. Answer (pages 5-9). However, these "defenses" – a majority of which are not actually affirmative defenses – do not contain factual allegation. Furthermore, the certain defenses claimed by the Defendant are so vaguely stated, that it is difficult to ascertain what defense is claimed. As such, these affirmative defenses should be stricken.

## II. ARGUMENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12 (f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). In such cases, where the defenses are not properly presented and fail to meet the applicable legal standards, a motion to strike should be granted "in

order to avoid the needless expenditures of time and money in litigating" the defense. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Ca. 2001). If the said motion "may have the effect of making the trial of an action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *Id*. (citing *California v. United States,* 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

### A. Redundant "Defenses" Merely Negating An Element of Plaintiff's Proof Are Not Affirmative Defenses And Should Be Stricken

Defenses that merely negate an element of plaintiff's proof are not affirmative defenses because they merely controvert an element of plaintiff's prima facie case. *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002). Under Rule 12(f), to allow a Defendant to present such negative defenses, where they have already denied these allegations would be redundant. *Fed. Trade Comm'n*, 564 F. Supp. At 665. Defendant's below mentioned defenses, although difficult to interpret due to a lack of factual allegation, contain redundancy, as interpreted by Plaintiff, in denying similar allegations.

### B. Defendant Does Not Properly Establish Any of Their Eight Affirmative Defenses

Those affirmative defenses pled without proper factual allegations should be stricken, since the same pleading standard for complaints governs affirmative defenses. *Facebook v. Power Ventures, Inc.,* No. 08-5780, 2009 WL 3429568, at *2 (N.D. Cal. Oct. 22, 2009) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Under Rule 8, proper pleading of affirmative defenses requires the

defense to provide the plaintiff fair notice of the defenses being raised. *Wyshak,* 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") In determining whether a defense properly gives the plaintiff fair notice of the nature of the defense, heightened pleading standards apply, simply meaning the defense must state in plain terms its defense to each claim asserted against it. *Id.*

In *Bell Alt. Corp v. Twombly,* 550 U.S. 544 (2007), the Supreme Court elaborated the pleading requirements in Rule 8, holding that fulfilling the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of [the] elements." *Id.* at 545. The *Towmbly* standard further provides that a "wholly conclusory statement" (*Id*. at 561) is inadequate; where in actuality, factual matter is required to "possess enough heft to 'sho[w] that the pleader is entitled to relief." *Id*. at 545; *see Ashcroft v. Iqbal*, 129 S. Ct. at 1937, 1949 (2009). As such, the Supreme Court established through *Iqbal* that the decision in *Twombly* was based on the interpretation of Rule 8 of the Federal Rules of Civil Procedure, which governs the pleading standard in all civil actions. *Id*. at 1953.

As established in *Hayne v. Green Ford Sales*, the majority of district courts have found that the pleading standard in *Twombly,* further concurred in *Iqbal*, applies to affirmative defenses. 263 F.R.D. 647, 649-50, (D. Kan. 2009). Furthermore, courts have established that "bare statements reciting mere legal conclusions do not provide plaintiff with fair notice of the defense being asserted."

*CTF Dev., Inc. v. Penta Hospitality, LLC,* No. 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct 26, 2009); *Monster Cable Prods., Inc. v. Avalanche Corp.,* No. 08-4792, 2009 WL 650369, at *1 (N.D. Cal. Mar 11, 2009) (striking defense because defendant failed to allege any supporting facts). Furthermore, "under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev.,* 2009 WL 3517617 at *8 (concluding that "affirmative defenses that are mere standard of legal conclusions with no supporting facts" are not up to par with the *Iqbal* standards). As such, per Rule 12(f) affirmative defenses, which contain no factual basis, presented by the defendant are appropriately stricken. *Id*.

For the following reasons the below-listed affirmative defenses should be stricken as they are either negative, immaterial, redundant, insufficient or irrelevant:

### C. Defendant's First and Fourth Defenses are Not Affirmative Defenses And Should Be Stricken From The Defendant's Answer

Negative defenses, which are mistakenly asserted as affirmative defenses, should be struck so as to simplify and streamline the litigation. *Barnes v. AT&T Pension Ben,* 718 F.Supp.2d (9th Cir. N.D. CA 2010). An affirmative defense precludes liability even if the plaintiff meets all the elements of her claim. Defenses that merely negate an element of the plaintiff's claim are not affirmative defenses, as they merely controvert an element of the plaintiff's prima facie case. *Zivkovic v.*

*S. California Edison Co.*, 302 F.2d 1080, 1088 (9th Cir. 2002). In fact, the above-mentioned defense is a mere rebuttal against the evidence presented by the plaintiff.

Defendant's first affirmative defense alleges that the Complaint failed to state facts sufficient to constitute a cause of action. Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in plaintiff's prima facie case and may be rebutted by evidence later presented by Plaintiff. <u>Barnes v. AT & T Pension Ben. Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167 (N.D. Cal. 2010). Furthermore, Defendant was provided with sufficient evidence in Plaintiff's Complaint, dated January 28, 2016, which establishes a proper copyright claim. Under Title 17 of U.S. Code §501, unauthorized reproduction, preparation of derivative work, public display and performance are causes of actions that allow an owner to claim copyright infringement.

In addition, Defendant's first affirmative defense claims that Defendant is not liable for infringement because any infringement of Plaintiff's copyright were based on the actions of a third party not named in the Complaint. Nonetheless, Defendant is vicariously liable for third party use of its website because Defendant had the ability to supervise or control any third party's infringing activity and failed to do so. *See Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 435 (S.D.N.Y. 2011). Defendant's vicarious liability indicates that it is jointly and severally liable, thus rendering it neither necessary nor indispensible for Plaintiff to name third party users in its Complaint. Furthermore, Plaintiff may still join a third party user to the case through a motion to join a third party defendant. For these

reasons, Defendant's first affirmative defense should be stricken.

Defendant's fourth affirmative defense alleges that Plaintiff's claims for relief seeking statutory damages for willful copyright infringement against the Defendant are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent at all relevant times. As stated above, under Title 17 of U.S. Code §504(c), intent, whether good or bad faith, is not an element necessary to establish a prima facie case for copyright infringement. Furthermore, there is no such defense for "good faith." Once an image is unlawfully and directly reproduced and displayed, copyright infringement is established. Even if the court finds infringement to be unintentional in this case, this does not bar Plaintiff's claim. In addition, with regard to Defendant's claim that its conduct was with non-willful intent at all relevant times, Plaintiff's copyrighted image is still present on Defendant's server as of May 2, 2016, months after Defendant was given notice of the initial Complaint. For these reasons, Defendant's fourth affirmative defense should be stricken.

**D. Defendant's Second, Third, Fifth, And Sixth Affirmative Defenses Are Insufficiently Plead And Should Be Stricken.**

Defendant's second affirmative defense states that Plaintiff's claims are barred by the doctrine of fair use. While Plaintiff concedes to the fact that Defendant must assert fair use as an affirmative defense to preserve their rights, this defense should be stricken as insufficient as it fails to consider all four prongs of the fair use defense set forth Section 107 of the Copyright Act, 17 U.S.C. § 107.

Defendant merely addresses the first prong, regarding the transformative nature of the use. Defendant fails to mention other highly pertinent factors, specifically the impact of the infringement "upon the potential market for or value of the copyrighted work." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). Thus, Defendant does not provide Plaintiff with minimum facts or arguments establishing this defense. For this reason, this defense should be stricken.

Defendant's third affirmative defense alleges that Plaintiff's claims for relief are barred by the safe harbors of 17 U.S.C. § 512. In accordance with 17 U.S.C. § 512(c)(2), Defendant is not liable if the service provider has designated an agent to receive notifications of claimed infringement. However, Defendant does not have a DMCA agent, thus preventing protection under 17 U.S.C. § 512. As such, this defense should be stricken.

In its fifth affirmative defense, Defendant asserts that Plaintiff's claims for equitable relief are barred by the doctrine of laches. Defendant further states that Plaintiff's delay in bringing the suit was unreasonable and inexcusable, and Defendant suffered material prejudice as a result of the delay. While a great lapse of time, in which the plaintiff had knowledge of his or her rights, may be sufficient to create a presumption of unreasonable or inexcusable delay, the court typically looks at the particular facts of each case when deciding what constitutes said delay. A lack of timeliness does not in-and-of-itself show an inexcusable delay. *EEOC v. Cal. Psychiatric Transitions*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010). Here, the reason for delay resulted from Plaintiff and Counsel's attempts to settle the case

without having to resort to litigation. Because Defendant fails to offer any factual basis under which Plaintiff unreasonably or inexcusably delayed bringing suit, this defense should be stricken.

Defendant's sixth affirmative defense asserts that Plaintiff's claims are barred to the extent that Defendant's actions are protected under the First Amendment of the U.S. Constitution. The First Amendment offers a number of protections for citizens, none of which are applicable here. The amendment protects freedom of speech, press, or right to assemble and petition government. It also prohibits Congress from establishing laws pertaining to religion. However, it does not offer blanket authority to a party that breaks the law. Defendant's actions, in direct violation of Title 17, are not protected by the First Amendment. Consequently, this defense should be stricken.

**E. Defendant's Seventh And Eighth Affirmative Defenses Are Immaterial, Redundant And Should Be Stricken.**

Again, under Rule 12(b) of Federal Civil Procedure, "redundant" and "immaterial" affirmative defenses should be stricken. A matter is "immaterial" if it has no essential or important relationship to claim for relief. *See Barnes*, 718 F.Supp.2d at 1167. An affirmative defense proves to be "redundant" if it is needlessly repetitive or wholly foreign to the issue involved in the action. *See Figueroa v. Bros*, F.Supp.2d (9th Cir, Cal C.D. 2013).

Defendant's seventh affirmative defense asserts that some, if not all of the infringements alleged by Plaintiff is barred by the statute of limitations, pursuant to

Section 507 of the Copyright Act, 17 U.S.C. § 507, as well as the California Code of Civil Procedure. Section 507 of the Copyright Act and 17 U.S.C. § 507 say essentially the same thing, rendering Defendant's affirmative defense redundant. Additionally, it fails to recognize that Plaintiff's actions are commenced under the Federal Rules of Civil Procedure, under which Plaintiff had three years from the discovery of the infringement to file suit. Plaintiff discovered the infringement on or about November 8, 2014, and commenced this action in March of 2015. For these reasons, this defense should be stricken.

Defendant's eighth affirmative defense states that Defendant presently has no more information in which to assert additional affirmative defenses. This is not only immaterial, but a failure to assert an affirmative defense at all. Thus, it should be stricken.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to strike should be granted. As mentioned above, affirmative defenses 1, 4 should be stricken as negative defenses lacking factual allegation. Affirmative defenses 7, 8 should be stricken as redundant defenses for the reasons mentioned above. Affirmative defenses 2, 3, 5, 6 should be stricken on the grounds of being insufficiently pled. Defendant should re-plead those defenses only if he has sufficient facts to support those claims.

//

//

//

Furthermore, Defendant should give fair notice to Plaintiff in good faith for Plaintiff to review such defenses.

Dated: May 24, 2016   Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
Cal. Bar No. 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.

My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On May 24, 2016, I caused to be served the following document:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT;**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Victor T. Fu, Esq.
LKP GLOBAL LAW, LLP
1901 Avenue of the Stars, Suite 480
Los Angeles, CA 90067
vfu@lkpgl.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 24, 2016, at Santa Ana, California.

Dated: May 24, 2016                    Respectfully submitted,

                                       **/s/ Naomi M. Sarega**
                                       Mathew K. Higbee, Esq.
                                       Cal. Bar No. 306967
                                       HIGBEE & ASSOCIATES
                                       1504 Brookhollow Dr., Ste 112
                                       Santa Ana, CA 92705-5418
                                       (714) 617-8350
                                       (714) 597-6729 facsimile
                                       *Counsel for Plaintiff*