Albert T. Liou (State Bar No. 180258)
Victor T. Fu (State Bar No. 191744)
**LKP GLOBAL LAW, LLP**
1901 Avenue of the Stars, Suite 480
Los Angeles, California 90067
Telephone: (424) 239-1890
Facsimile: (424) 239-1882
E-mail: aliou@lkpgl.com; vfu@lkpgl.com

Attorneys for Defendant
ZIPFWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL KECK, individually,<br><br>  Plaintiff,<br><br>  vs.<br><br>ZIPFWORKS, INC. d/b/a KNOJI, a California corporation,<br><br>  Defendant. | Case No. 2:16-cv-00603-AB-AGR<br><br>**ZIPFWORKS, INC.'S OPPOSITION TO PLAINTIFF MICHEL KECK'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Complaint Filed:   January 28, 2016 |

Defendant ZIPFWORKS, INC. ("Defendant") submits its Opposition to the Motion of Plaintiff MICHEL KECK ("Plaintiff") to Strike Defendant's Affirmative Defenses to the Complaint, as follows:

///

///

///

///

1

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE

## I.
## INTRODUCTION

In the instant motion, Plaintiff is improperly attempting to prevent Defendant from defending itself against Plaintiff's dubious claims and to force Defendant to incur unnecessary costs and fees. Although Defendant's counsel met and conferred with Plaintiff's counsel on multiple occasions, and Defendant even voluntarily amended its Answer with additional facts, Plaintiff filed a Motion to Strike, seeking to strike all of Defendant's affirmative defenses.

Plaintiff's Motion, however, highlights the fact that Plaintiff has notice of the basis for Defendant's affirmative defenses and that there are disputed questions of fact relating to the affirmative defenses, such that striking Defendant's affirmative defenses at the outset is not warranted. Moreover, Defendant has not decided which affirmative defenses it will assert at trial and has not conducted discovery to determine if any additional facts support those defenses. Thus, it is premature to determine the viability of the affirmative defenses, at this early stage of the litigation, and the Court should deny the motion to strike.

## II.
## ARGUMENT

**A.   STANDARD FOR MOTIONS TO STRIKE**

"Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic." RDF Media Ltd. v. Fox Broad. Co., 372 F.Supp.2d 556, 566 (C.D. Cal. 2005) (internal quotations and citations omitted).

"[S]triking a party's pleadings is an extreme measure, and, as a result, [the courts] have previously held that motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S.,

221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). See also, Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) ("While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.")

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.1979). "[T]he fair notice required by the pleading standards only requires describing the defense in general terms." Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotations and citations omitted). See also, Staggs v. Doctor's Hospital of Manteca, 2016 WL 3027742, at *1 (E.D. Cal., May 27, 2016, No. 211CV00414MCEKJN) ("The Ninth Circuit, however, has resolved the split in the district courts. In Kohler v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in 'general terms.' Accordingly, this Court applies the "fair notice" standard, and not the heightened pleading standard identified by Twombly and Iqbal, when evaluating motions to strike affirmative defenses.") (internal citations omitted).

"To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) aff'd sub nom. S.E.C. v. First Pac. Bancorp, 142 F.3d 1186 (9th Cir. 1998). "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." Id.

Furthermore, courts often require a showing of prejudice by the moving party before striking an Answer or affirmative defenses set forth therein. Sands, 902 F.

3
OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

Supp. at 1166.  "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." Id. (citing 5A Wright & Miller, Federal Practice & Procedure § 1381 (2d ed. 1990).)

## B. DEFENDANT ADEQUATELY PLEADED FACTS SUPPORTING ITS AFFIRMATIVE DEFENSES, AND PLAINTIFF HAS MADE NO SHOWING OF ANY INADEQUATE NOTICE OR PREJUDICE

On March 8, 2016, Defendant filed its Answer to the Complaint, alleging twelve affirmative defenses.  After meeting and conferring, Defendant filed its First Amended Answer to the Complaint, alleging eight affirmative defenses, based upon the claims in the Complaint, to avoid their waiver.  Defendant further alleged specific facts to support its affirmative defenses, based upon the matters known to date, including the following:

1. Defendant has not infringed, does not infringe (either directly or indirectly) and is not liable for infringement of any valid copyright or copyright rights of Plaintiff, including, without limitation, any copyright rights in the works that are the subject of the Complaint.  This fact supports the first affirmative defense (failure to state facts sufficient to constitute a cause of action).

2. Any protectable portions of Plaintiff's work that are the subject of the Complaint used by Defendant have been de minimis.  This fact supports the first affirmative defense (failure to state a cause of action).

3. Any infringement of Plaintiff's copyright was based upon the actions of a third party not named in the Complaint.  This fact supports the first affirmative defense (failure to state a cause of action).

4. Any display of the image at Defendant's website or use of the image by third party users of Defendant's website were done strictly for personal use or educational, scholarship, research, criticism or comment

          purposes and, thus, under the protection of the Fair Use Doctrine set forth in Section 107 of the Copyright Act, 17 U.S.C. §107. This fact supports the second affirmative defense (fair use).

5. Plaintiff's claims for relief are barred by the safe harbors of 17 U.S.C. §512. This fact supports the third affirmative defense (statutory limitation of liability).

6. Defendant's conduct was in good faith and with non-willful intent at all relevant times. This fact supports the fourth affirmative defense (good faith).

7. Plaintiff's delay in bringing the suit was unreasonable and inexcusable, and Defendant suffered material prejudice due to the delay. This fact supports the fifth affirmative defense (laches).

8. Defendant's actions (or its third party user's actions) are protected by the First Amendment of the U.S. Constitution. This fact supports the sixth affirmative defense (First Amendment protection).

9. Some or all of the purported infringements alleged by Plaintiff are barred by the statutes of limitations set forth in section 507 of the Copyright Act, 17 U.S.C. §507 and the California Code of Civil Procedure. This fact supports the seventh affirmative defense (statute of limitations).

There is no merit to Plaintiff's claims that Defendant's affirmative defenses are not supported by any facts, that Plaintiff was not put on notice of the basis for the affirmative defenses, or that the affirmative defenses are otherwise insufficient. As explained herein, Defendant has alleged sufficient facts to give Plaintiff adequate notice of the underlying basis of its affirmative defenses. Throughout the motion, Plaintiff disputes the merits of the affirmative defenses, based (impermissibly) on extrinsic factual allegations that Plaintiff hopes to prove in this case. Such arguments are a concession that Plaintiff has been put on fair notice of the factual

basis of the affirmative defenses and that Plaintiff is not prejudiced by the affirmative defenses. While Plaintiff disputes the factual basis for Defendant's affirmative defenses and contends that the Court should believe her version of the facts, this is not a proper basis for a motion to strike. Accordingly, the motion to strike should be denied in its entirety.

In addition, Plaintiff contends that the first affirmative defense (failure to state facts sufficient to constitute a cause of action) and fourth affirmative defense (good faith conduct) merely negate elements in Plaintiff's claims and are not proper affirmative defenses. Contrary to Plaintiff's contention, the first affirmative defense is valid, as Defendant may assert in its Answer the affirmative defense of failure to state a claim, pursuant to Fed. R. Civ. P. Rule 12(h)(2). As to the fourth affirmative defense, Plaintiff fails to provide any legal authority for its contention that this affirmative defense is invalid and, instead, argues that intent is not an element in Plaintiff's claim. Contrary to Plaintiff's argument, the fourth affirmative defense is valid since, in order to refute a willful infringement claim, a defendant must establish a reasonable, good faith belief in the innocence of its conduct. UMG Recordings, Inc. v. Disco Azteca Distributors, Inc., 446 F.Supp.2d 1164, 1173 (E.D. Cal. 2006). Accordingly, the court should deny the motion to strike the first and fourth affirmative defenses.

Plaintiff seeks to strike the seventh affirmative defense (statute of limitations) as redundant, on the basis that "section 507 of the Copyright Act" and "17 U.S.C. § 507" are essentially the same. This is a non-sensical argument that highlights the general, unmeritorious nature of Plaintiff's motion to strike as a whole.

With respect to the eighth affirmative defense, Plaintiff is seeking to prevent Defendant from asserting additional affirmative defenses at a later time. This is an improper use of a motion to strike. Pursuant to Fed.R.Civ.P. Rule 15, Defendant may seek leave to amend its Answer and assert additional affirmative defenses.

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

1       Finally, Plaintiff fails to address how the inclusion of the eight affirmative 2 defenses in Defendant's First Amended Answer is prejudicial to Plaintiff. As 3 explained above, such failure alone warrants the Court's denial of the motion to 4 strike. Sands, 902 F. Supp. at 66.

5       Based on the foregoing reasons, Defendant respectfully requests that the Court 6 deny the motion to strike in its entirety.

## III.
## IN THE ALTERNATIVE, DEFENDANT REQUESTS
## LEAVE TO AMEND ITS ANSWER

10       "If the court chooses to strike a defense, leave to amend should be freely 11 given so long as there is no prejudice to the opposing party. (Internal quotations and 12 citations omitted.) Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1048-49 13 (N.D. Cal. 2004). See also, Wyshak, 607 F.2d at 826-27 ("In the absence of 14 prejudice to the opposing party, leave to amend should be freely given") (citing to 15 Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 16 222 (1962) and Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).)

17       Thus, if the Court is inclined to grant Plaintiff's Motion to Strike on any 18 grounds, Defendant respectfully requests leave to amend its First Amended Answer 19 and allege additional facts to support any stricken affirmative defenses.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV.
## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike in its entirety.

Dated:  June 6, 2016                     Respectfully submitted,

**LKP GLOBAL LAW, LLP**


By: /s/ Victor T. Fu
    Victor T. Fu
    Attorneys for Defendant
    ZIPFWORKS, INC.

8
OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

# PROOF OF SERVICE
# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and correct copy of the foregoing **ZIPFWORKS, INC.'S OPPOSITION TO PLAINTIFF MICHEL KECK'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT** was filed and served electronically on June 6, 2016 via CM/ECF.  Notification of this filing will be sent automatically to all counsel of record including Plaintiff's counsel as follows:

> Mathew K. Higbee, Esq.
> HIGBEE & ASSOCIATES
> 1504 Brookhollow Drive, Suite 112
> Santa Ana, California 92705-5418
> mhigbee@higbeeassociations.com
> *Attorneys for Plaintiff Michel Keck*

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of June 2016, at Los Angeles, California.

Dated: June 6, 2016         LKP GLOBAL LAW, LLP


                            By: /s/ Victor T. Fu
                            Attorneys for Defendant
                            Zipfworks, Inc.

PROOF OF SERVICE