UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   CV 16-00603-AB (AGRx) | Date:   July 22, 2016 |

Title:   *Michel Keck v. Zipfworks, Inc.*

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order Re: Motion to Strike Defendant's Affirmative Defenses [22]**

Pending before the Court is Plaintiff Michel Keck's Motion to Strike Defendant's Affirmative Defenses.  (Dkt. No. 22.)  Plaintiff brings her Motion under Federal Rules of Civil Procedure Rule 12(f) for insufficiently pleaded, redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Defendant has filed an Opposition, and Plaintiff has filed a Reply.  (Dkt. Nos. 23, 26.)  On July 15, 2016, the Court vacated the hearing on this matter and took Plaintiff's Motion under submission.[1]  (Dkt. No. 32.)  For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

This is an intellectual property action for unlawful use of a copyrighted image.  (Dkt. No. 1, Compl., at 5–6.)  Plaintiff Michel Keck, an abstract artist by trade, alleges that Defendant Zipfworks, Inc., a California corporation, displayed Plaintiff's

---

[1] This matter is appropriate for decision without oral argument of counsel.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

copyrighted artwork on its website without permission and without compensation. (Compl., at 3–4.)  Plaintiff's Motion seeks to strike the affirmative defenses that Defendant advances in its Answer to the Complaint.

In response to Plaintiff's single cause of action for copyright infringement, Defendant asserts the following as its eight affirmative defenses:

(1)     Plaintiff fails to state a claim;

(2)     Plaintiff's claim is barred by the fair use doctrine, 17 U.S.C. section 107;

(3)     Plaintiff's claim is barred by the safe harbor provision, 17 U.S.C. section 512;

(4)     Defendant acted in good faith and with non-willful intent;

(5)     Laches bars Plaintiff from enjoining Defendant's use of the image;

(6)     The First Amendment protects Defendant's conduct;

(7)     Plaintiff's claim is barred by the statutes of limitations codified in section 507 of the Copyright Act, 17 U.S.C. section 507 and the California Code of Civil Procedure; and

(8)     Additional affirmative defenses.

(Dkt. No. 21, Answer, at 3–5.)  Plaintiff moves to strike these defenses on the grounds that they merely attack an element of Plaintiff's proof, are redundant, are not affirmative defenses, are insufficiently pled, and are immaterial and redundant.  (Dkt. No. 22, Mot., at 5–12.)  Defendant opposes the Motion on numerous grounds described below in detail and argues, generally, that Plaintiff has failed to demonstrate prejudice.  (Dkt. No. 23, Opp'n, at 5–7.)  The Court now considers the merits of the parties' dispute.

## II.     LEGAL STANDARD

Under Federal Rules of Civil Procedure ("Rule") 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. Cal. 1993) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *overruled on other grounds*, 510 U.S. 517 (1994).  "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  For this reason, the court may require the

movant to demonstrate prejudice prior to striking the challenged material. *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

## III.   DISCUSSION

Plaintiff moves to dismiss all eight of Defendant's affirmative defenses. As a threshold matter, however, Plaintiff urges that the Court apply the same heightened pleading standard to affirmative defenses that it applies to claims for relief. The Court first addresses the applicable pleading standard before considering Plaintiff's objections to the affirmative defenses.

### a.   Standard for Pleading Affirmative Defenses

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The parties dispute, however, whether "fair notice" requires the Defendant to meet the heightened standard for factual pleading established by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. (Mot., at 5–7.) The Ninth Circuit has not addressed the dispute directly, nor have the district courts within this circuit reached any resolution. *Accord O'Hanlon v. J.P. Morgan Chase Bank, N.A.*, Case No. CV 15-06640 DDP (PJWx), 2016 WL 777859, *2 (C.D. Cal. February 25, 2016) ("There is some uncertainty as to whether the pleading standard announced in *Twombly* and *Iqbal* apply to pleading defenses."). Courts within the Central District are similarly divided. *Compare Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438 (C.D. Cal. 2013); *Spann v. J.C. Penney Corp.*, Case No. CV 12-0215 FMO (RNBx), 2015 WL 11072165 (C.D. Cal. July 16, 2015); *with Vogel v. OM ABS, Inc.*, Case No. CV 13-01797 RSWL (JEMx), 2014 WL 340662 (C.D. Cal. January 30, 2014); *Pac. Dental Servs., LLC v. Homeland Ins. Co.*, Case No. 13-749 JST (JPRx), 2013 WL 3776337 (C.D. Cal. July 17, 2013); *Kohler v. Big 5 Corp.*, Case No. CV 12-00500 JHN (SPx), 2012 WL 1511748 (C.D. Cal. April 30, 2012).

In their papers, both parties cite authority in support of their respective positions. Plaintiff cites cases from the Northern District of California and the District of Kansas that applied the heightened pleading standard but are not binding on this Court. (*See, e.g.*, Mot., at 6–7 (citing *Barnes v. AT&T Pension Benefit*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010); *Hayne v. Green Ford Sales*, 263 F.R.D. 647 (D. Kan. 2009); *CTF Dev., Inc. v. Penta Hospitality, LLC*, Case No. C 09-02429 WHA, 2009 WL 3517617 (N.D. Cal. October 26, 2009); *Monster Cable Prods., Inc. v. Avalanche Corp.*, Case No. C 08-4792 MMC, 2009 WL 650369 (N.D. Cal. March 11, 2009)).) Defendant, meanwhile, characterizes a recent Ninth Circuit decision as binding precedent that has settled the question outright. (*See* Opp'n, at 3 (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)).)

It is likely that the Ninth Circuit did indeed resolve this question in *Kohler v. Flava Enterprises*. Therein, the court stated plainly that "the fair notice required by the pleading standards only requires describing the defense in general terms." 779 F.3d at 1019. In light of the Central District's discord, however, the Court will not end its inquiry there. *See, e.g.*, *O'Hanlon*, 2016 WL 777859, at \*2 (stating, even after *Kohler v. Flava Enterprises*, that "[t]here is some uncertainty as to whether the pleading standard announced in *Twombly* and *Iqbal* apply to pleading defenses").

Independent of *Kohler v. Flava Enterprises*, the Court finds ample reason to maintain the fair notice standard. In *Kohler v. Big 5 Corp.*, then-District Judge Jacqueline H. Nguyen reasoned that, just as the "clear distinction in the [federal] rules' language" provides that claimants must "show that [they] are entitled to relief" while requiring defendants to merely "affirmatively state [their] affirmative defenses," so too should the two parties be subject to disparate pleading standards based on whether they advance a cause of action or an affirmative defense. 2012 WL 1511748, at \*2 (adopting the analysis of and quoting from *Kohler v. Islands Rests., Inc.*, Case No. CV 11-2260 W (JMAx), 2012 WL 524086 (S.D. Cal. February 16, 2012)). Then-District Judge Nguyen also considered circumstantially the abbreviated briefing schedule afforded to defendants as compared to the virtually unlimited time that claimants have to craft their complaints in finding that a lesser standard is more appropriate for affirmative defenses. *Id.* The Court agrees that these considerations counsel the maintenance of distinct pleading standards.

In declining to disturb the fair notice standard, which is well-established as the prevailing practice for pleading affirmative defenses, the Court also notes the dilemma that a universal, heightened *Twombly*/*Iqbal* pleading standard would create for the circuit courts on appellate review. The Ninth Circuit reviews dismissals for failure to state a claim *de novo* and reviews motions to strike affirmative defenses for abuse of discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Thus, without additional systemic—and, indeed, seismic—changes to the standards of appellate review, the application of a universal pleading standard would leave a district court's decision to dismiss a complaint for failure to state a claim subject to *de novo* review while, at the same time, its decision to strike an affirmative defense as insufficiently pled would receive a more deferential abuse of discretion review. *See id.* As the Ninth Circuit has already expressed in *Whittlestone*, "[a]pplying different standards of review, when the district court's underlying action is the same, does not make sense." *Id.*

Given pleadings' "limited importance" in federal practice, *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996), the Court can see no cause to invite a flurry of motions to strike them by enforcing a universal, heightened pleading standard that the Ninth Circuit does not presently require. For all of these reasons, the Court will continue to impose the standard that the Ninth Circuit articulated in *Wyshak*, which held simply

that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  607 F.2d at 827.

### b.  Defendant's Affirmative Defenses

Plaintiff moves to strike Defendant's affirmative defenses on two general and three specific grounds, some of which overlap with others:  First, Plaintiff argues that any defenses "merely negating an element of plaintiff's proof are not affirmative defenses and should be stricken."  (Mot., at 5.)  Second, Plaintiff argues that Defendant does not properly plead any of its affirmative defenses.  (Mot., at 5–7.)  Third, Plaintiff argues that Defendant's first and fourth defenses are negative defenses rather than affirmative defenses.  (Mot., at 7–9.)  Fourth, Plaintiff argues that Defendant's second, third, fifth, and sixth defenses are insufficiently pled.  (Mot., at 9–11.)  Fifth and finally, Plaintiff argues that Defendant's seventh and eighth defenses are immaterial and redundant.  (Mot., at 11–12.)

In examining each affirmative defense, the Court first will examine those objections that Plaintiff ties to specific defenses.  Where the specific objection provides an insufficient basis to strike the challenged defense, the Court then will proceed to examine Plaintiff's first and second general objections.

### i.  Affirmative Defense No. 1

Defendant's first affirmative defense alleges that the Complaint fails to state a claim.  (Answer, at 3–4.)  Plaintiff's specific objection is that this is not an affirmative defense but, rather, is the subject of a motion to dismiss under Rule 12(b)(6).  (Mot., at 7–9.)  Defendant opposes striking the defense on the grounds that it is valid under Rule 12(h)(2) and that Plaintiff has failed to demonstrate that its inclusion in the Answer creates any prejudice to her.  (Opp'n, at 6.)

Courts in the Central District of California routinely hold that failure to state a claim is not an affirmative defense and should be stricken.  *See, e.g.*, *Vogel v. Linden Optometry APC*, Case No. 13-00295 GAF (SHx), 2013 WL 1831686, *4 (C.D. Cal. April 30, 2013) (collecting cases striking "failure to state a claim" as an affirmative defense).  Accordingly, this defense is **STRICKEN WITH PREJUDICE**.[2]

### ii.  Affirmative Defense Nos. 2, 3, 5, and 6

Defendant's second, third, fifth, and sixth affirmative defenses allege that Plaintiff is barred from bringing her cause of action because Defendant's conduct is protected by

---

[2] This does not preclude Defendant from bringing a motion to dismiss under Rule 12(b)(6).  *See Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (noting that "this defense is not an affirmative defense that must be pled or waived").

the fair use doctrine and the safe harbor provision of the Copyright Act, laches, and the First Amendment, respectively. (Answer, at 4–5.) Plaintiff's specific objection is that Defendant's Answer does not meet the pleading standard for any of these four affirmative defenses. (Mot., at 9–11.) As to the second defense, Plaintiff argues that Defendant should have addressed all four prongs of the fair use doctrine. (Mot., at 9.) As to the third defense, Plaintiff argues that the safe harbor provision does not provide protection for a service provider such as Defendant. (Mot., at 10.) As to the fifth defense, Plaintiff argues that laches does not apply because any delay in bringing the action is attributable to the parties' settlement negotiations. (Mot., at 10–11.) Finally, as to the sixth defense, Plaintiff argues that the First Amendment does not provide protection for violations of law. (Mot., at 11.)

Substantial portions of Plaintiff's argument challenge the validity, rather than the sufficiency, of Defendant's affirmative defenses. By this, Plaintiff invites the Court to determine factual questions prematurely. For example, Plaintiff argues that Defendant's safe harbor defense should be stricken because Defendant "does not have a DMCA agent." (Mot., at 10.) This line of argument is not the proper inquiry. Rather, as affirmed above, whether the Answer gives fair notice is "[t]he key to determining the sufficiency of pleading." *Wyshak*, 607 F.2d at 827.

Here, the Court rejects Plaintiff's specific objection and finds that the factual allegations contained in Defendant's Answer combined with Defendant's statements of its defenses provide sufficient notice of its defenses to Plaintiff. (*See* Answer, at 3–5.) Defendant "affirmatively state[s]" each of its defenses and, additionally, describes that a third party user included an image resembling Plaintiff's copyrighted image in a posted article regarding collage art. (*Id.*) The Court also rejects Plaintiff's first general objection that the defenses negate an element of Plaintiff's burden of proof. Finally, Plaintiff's second general objection that the defenses are insufficiently pled is duplicative of her specific objections. Accordingly, the Court declines to strike Defendant's second, third, fifth, and sixth affirmative defenses.

### iii.  Affirmative Defense No. 4

Defendant's fourth affirmative defense alleges that Defendant acted in good faith and with non-willful intent. (Answer, at 4.) Plaintiff's specific objection is that this is not a proper affirmative defense because evidence of intent is not necessary to establish Plaintiff's prima facie case for copyright infringement. (Mot., at 9.) Defendant opposes striking the defense on the ground that it is necessary to refute Plaintiff's claim of willful infringement. (Opp'n, at 6.)

Plaintiff's Complaint advances a single cause of action for copyright infringement. (Compl., at 5–6.) For this cause of action, the Ninth Circuit has expressly noted that "the innocent intent of the defendant constitutes no defense to liability." *Monge v. Maya*

*Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012).  Nonetheless, innocent intent is clearly an affirmative defense to the availability of statutory damages for copyright infringement.  17 U.S.C. § 504(c)(2); *see Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, Case No. 13-6496 RSWL (SSx), 2014 WL 360048, *3 (C.D. Cal. January 31, 2014) ("In other words, Defendants are clearly correct in that innocent intent serves as an affirmative defense as to the availability of statutory damages [that attach to a copyright infringement claim].").  This is because section 504(c) allows courts to increase the damages award for willful infringers up to $150,000.  17 U.S.C. § 504 (c)(2).  Thus, the Court will not strike the defense on the grounds that it is not an affirmative defense.

Because the challenged defense survives Plaintiff's specific objection, the Court turns to Plaintiff's two general objections to determine whether the defense merely negates an element of plaintiff's burden of proof or is otherwise insufficiently pled.  As to the first general objection, the Court sides with other courts in this district holding that innocent intent is a proper affirmative defense and declines to strike it on that basis.  *See, e.g.*, *Amini Innovation Corp.*, 2014 WL 360048, at *3.  As to Plaintiff's second general objection, Defendant's Answer adequately states the defense and also describes facts sufficient to put Plaintiff on notice.  (Answer, at 3–4.)  In addition to clearly stating the defense that it will advance, Defendant represents that a third party user included an image resembling Plaintiff's copyrighted image in a posting to its site.  (*Id.*)  Defendant further pleads that it removed the image after being contacted by Plaintiff or her counsel.  (*Id.*)  The Court finds that this is sufficient to put Plaintiff on notice and declines to strike the defense on any of Plaintiff's stated grounds.

### iv.  Affirmative Defense Nos. 7 and 8.

Defendant's seventh affirmative defense alleges that Plaintiff's action is "barred by the statutes of limitations set forth in section 507 of the Copyright Act, 17 U.S.C. §507 and the California Code of Civil Procedure."  (Answer, at 5.)  Its eighth affirmative defense "reserves the right to assert additional defenses."  (*Id.*)  Plaintiff's specific objection to these defenses is that they are immaterial and redundant.  (Mot., at 11–12.)  As to the seventh defense, Plaintiff argues that Defendant seeks protection under both section 507 of the Copyright Act and 17 U.S.C. section 507, which "say essentially the same thing, rendering [the] defense redundant" and that the Federal Rules of Civil Procedure, rather than the California Code, apply to this action in federal court.  (*Id.*)  As to the eighth defense, reserving all future defenses, Plaintiff argues that it "is not only immaterial, but a failure to assert an affirmative defense at all" and should be stricken on that basis.  (Mot., at 12.)

The Court addresses each argument in turn.  A defense is redundant if it is "needlessly repetitive or wholly foreign to the issues involved in the action."  *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D.

Cal. 2002).  A defense is immaterial if it has "no possible bearing on the controversy." *Quintana*, 233 F.R.D. at 564 (quoting *Emp'rs Ins. v. Musick, Peeler & Garrett (Musick, Peeler)*, 871 F. Supp. 381, 391 (S.D. Cal. 1994)).  As to redundancy, the Court rejects this argument as to both the seventh and eighth affirmative defenses.  The Court also notes that Plaintiff's argument with respect to section 507 of the Copyright Act and 17 U.S.C. section 507 is particularly frivolous.  These sections do not, as Plaintiff argues, "say essentially the same thing"—They are the same section, with the latter serving as a citation to the former.  The Court declines to strike on this basis.  As to immateriality, the statute of limitations applicable to the Copyright Act is clearly connected to Plaintiff's action for copyright infringement.  As pled, however, no statute of limitations contained in the California Code of Civil Procedure bears on this action because "[t]he statute of limitations for claims brought under the Copyright Act is found in 17 U.S.C. § 507(b)." *Stewart v. Wachowski*, Case No. CV 03-2873 MMM (VBKx), 2004 WL 5618385, *3 (C.D. Cal. September 28, 2004).  On that basis, the Court **STRIKES** reference to the California Code from the seventh affirmative defense but grants leave to amend.  Finally, while immateriality is an inappropriate basis upon which to strike Defendant's blanket reservation of defenses, the Court **STRIKES** with leave to amend Defendant's eighth affirmative defense on the grounds that it fails to provide fair notice to Plaintiff.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion in part as to Defendant's first, seventh, and eighth affirmative defenses.  The first defense is **STRICKEN WITH PREJUDICE**.  The seventh defense with respect to the California Code of Civil Procedure and the eighth defense are **STRICKEN WITH LEAVE TO AMEND** within twenty-one days.  The Court **DENIES** the Motion as to the remaining defenses.

**IT IS SO ORDERED.**